IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LUCY MAE GRIMES,                                  No. C 10-01124 SI

        Plaintiff,                                **ORDER DISMISSING COMPLAINT**

  v.

YELLOW CAB TAXI COMPANY, et al.,

        Defendants.
                                       /

       Presently before the Court is pro se plaintiff Lucy Mae Grimes's application to proceed in forma pauperis ("IFP") and her motion to vacate the case management conference and ADR deadlines. For the reasons set forth below, the Court hereby DISMISSES the complaint.

**DISCUSSION**

       Plaintiff has filed a complaint against Yellow Cab Taxi Company and one of its drivers, whom she has sued as a Doe defendant. This action arises from an injury plaintiff sustained on July 25, 2009, apparently as a result of falling in the street after exiting a Yellow Cab taxi. Plaintiff alleges that the taxi driver acted negligently by dropping her off on the opposite side of the street from her home and by failing to escort her safely to her door. Plaintiff has sued defendants for conspiracy, elder abuse, negligence, and "vehicular automobile accident personal injury."

       Under the IFP statute, the Court may authorize a plaintiff to proceed in federal court without first paying a filing fee if the plaintiff demonstrates his or her inability to pay. *See* 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation and shown to the Court's satisfaction that her assets and income are insufficient to enable her to prosecute this action at her own expense. Plaintiff's

application to proceed without prepayment of filing fees is therefore GRANTED.

Where a plaintiff is permitted to proceed IFP, the Court must examine the plaintiff's complaint *sua sponte* to ensure that it states cognizable, non-frivolous claims. *Id.* § 1915(e)(2)(B). The Court must dismiss the complaint "at any time" if it finds that the plaintiff has failed to state a claim or to plead a basis for federal jurisdiction. *Id.*; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To assert a basis for federal subject matter jurisdiction, a plaintiff may either bring claims "arising under" federal law or invoke the Court's diversity jurisdiction over state law claims by showing that the parties are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Here, plaintiff has asserted primarily state law claims and has not shown diversity of citizenship. The complaint states that the defendant taxi driver "resides in Northern California," Complaint at 1:22, indicating that there is no basis for diversity jurisdiction.

Plaintiff's conspiracy claim may potentially be a federal claim, although plaintiff does not specify whether she brings suit under state or federal law. In any event, plaintiff fails to allege any coherent facts in support of the conspiracy claim. Plaintiff simply states in a conclusory fashion that the taxi driver's actions were "inflicted covertly by one or more persons/perpetrators." *Id.* at 3:23-24. Additionally, the complaint contains allegations that are inconsistent with a conspiracy theory of liability. *See, e.g.*, *id.* at 2:27-3:3 ("It would appear that the Defendant #1, Yellow Taxi Cab Driver (JOHN DOE), made a conspired *and/or Coincidental* Taxi Cab Transportation Passenger Delivery with the intent to place [plaintiff] on the opposite side of the street from [her] Destination of Record") (emphasis added).

Because the Court lacks jurisdiction to consider the majority of plaintiff's claims, plaintiff has pled no factual basis for her conspiracy claim, and it is apparent that these defects cannot be cured by amendment, the complaint must be DISMISSED in full. The dismissal is without prejudice to refiling plaintiff's state law claims in state court. In addition, because a dismissal under the IFP statute "is not a dismissal on the merits, but rather an exercise of the court's discretion . . . , the dismissal does not prejudice the filing of a paid complaint making the same allegations." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). However, even a paid complaint which does not allege a basis for federal jurisdiction

2

would have to be dismissed.

**CONCLUSION**

For the foregoing reasons, plaintiff's complaint is DISMISSED. The dismissal is without prejudice to refiling in state court. In addition, plaintiff's motion to vacate the case management conference and the ADR deadlines is GRANTED.

**IT IS SO ORDERED.**

Dated: April 2, 2010

SUSAN ILLSTON
United States District Judge

3